## Jane Davis v. N. D. Stark.

INJUNCTION *to Restrain Removal of House, Denied.* Where the plaintiff is in the possession of a dwelling house standing on ground leased from the defendant, under a contract with the defendant for the purchase of the house on time, conditioned that upon the failure of the plaintiff to make the payments set forth in the contract, it should, at the option of the defendant, be forfeited and determined, *held*, that after the plaintiff is in default as to making the payments provided for in the contract, and does not pay or offer to pay the installments due to the defendant upon the contract, he is not entitled to a preliminary or any other injunction restraining the defendant from forbidding or preventing him from removing the house to other premises.

*Error from Shawnee District Court.*

JUNE 1, 1883, the district court refused the application of *Jane Davis* for an injunction to prevent *Stark* from interfer-

ing with the removal of a certain dwelling house. This ruling she brings here for review. The facts appear in the opinion.

*J. W. Campbell,* for plaintiff in error.

*Robert A. Friedrich,* and *H. S. Clark,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action of injunction, brought by the plaintiff to prevent the defendant from interfering with her removing a dwelling house situated upon leased property. The plaintiff made an application for an interlocutory injunction, soon after filing her petition, which was refused by the court, and this is the ruling complained of. Upon the hearing thereof, it was established that on September 25, 1882, the defendant entered into a written agreement with the plaintiff to convey to the plaintiff a small dwelling house situated on the rear part of lots 118 and 120, on Madison street, in the city of Topeka, if the plaintiff paid the sum of two hundred dollars upon the terms and conditions of the agreement. Sixty-eight dollars were paid upon the execution of the agreement, and the remainder of the purchase-money, one hundred and thirty-two dollars, was to be paid in monthly installments of eleven dollars each, on the first day of each month, commencing November 1, 1882, with interest thereon at seven per cent. per annum. The agreement further provided that the plaintiff was to pay all taxes and assessments levied upon the house. The agreement also contained the condition that upon the failure of the plaintiff to make either of said payments, or to conform to any of the covenants upon her part, the contract should, at the option of the defendant, be forfeited and determined, and the plaintiff was thereon to forfeit all the payments made by her, and the defendant was authorized to retain such payments in full satisfaction of, and in liquidation of all the damages sustained by him.

At the execution of the agreement, the defendant also

leased to the plaintiff the ground upon which the dwelling was situated, from the first day of December, 1882, to the first day of December, 1883; the plaintiff agreeing to pay therefor $2.50 per month, each month in advance, beginning on December 1, 1882. At the time this action was commenced, thirteen dollars only had been paid by the plaintiff, in addition to the sixty-eight dollars received by the defendant at the execution of the contract. At the execution of the agreement for the purchase of the house, the plaintiff, in accordance with its terms, was let into the possession and continued thereafter in the possession of it. On March 22, 1883, the plaintiff employed one Wallace to remove the house from the lots upon which it stands to other ground which she had leased, and when Wallace came to the premises and set his men to work, the defendant interfered, and in consequence of his threats and acts, Wallace abandoned the work of removal. The defendant then forbade the plaintiff from removing the house, and the plaintiff was unable to procure any competent person to undertake the removal because of his threats and interference.

The application of the plaintiff was properly denied. While the granting or withholding of an interlocutory or preliminary injunction is a matter resting greatly in the sound discretion of the court, to be exercised according to the circumstances of each particular case, (*Conley v. Fleming*, 14 Kas. 381,) yet aside from this rule there was nothing in the case presented to the court below authorizing the interference of a court of equity in behalf of the plaintiff. At the time she commenced her action, over sixty dollars were due from her to the defendant upon the agreement for the purchase of the house in controversy; and if the defendant had consented to the removal of the house, and thereafter the house had become part of the realty to which it was removed, it is doubtful whether the defendant could ever replevy it or otherwise exercise his right to forfeit the contract and thus retain the house as his own. But even if he could do so, the removal would have been a matter of great inconvenience and

expense to him if he had to take the house back, and therefore he would have been largely denied the advantage of his option to forfeit the contract for the default of the plaintiff if he desired so to do.

Further, it appears that the defendant owned the ground upon which the dwelling was situated at the time of its purchase, and that upon the same day of its purchase the plaintiff leased the ground from the defendant for a period long enough to allow her to pay all the installments due on the purchase of the house, if the installments were paid according to the terms of the written agreement. It is evident, therefore, that it was the intention of the parties, at the execution of the agreement and lease, that the dwelling was to remain upon the ground where it is situated until the plaintiff had time, under her agreement, to pay the installments. Being in default, under the terms of her contract, the court ought not to have made any order to permit her to remove the house from the leased ground, so long, at least, as it was permissible upon the part of the defendant to declare the contract under which she claims her interest in the house to be forfeited.

The order of the district court must be affirmed.

All the Justices concurring.